UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARDUS HENRICUS FUNNEKOTTER, et al.,      :
                                             :
                           Plaintiffs,       :          OPINION AND
                                             :          ORDER
            - against -                      :
                                             :          13-CV-1917 (CM) (RLE)
AGRICULTURAL DEVELOPMENT BANK OF             :
ZIMBABWE, et al.,                            :
                                             :
                           Defendants.       :

RONALD L. ELLIS, U.S.M.J.:

Plaintiffs are judgment creditors of Defendant Republic of Zimbabwe. *Funnekotter, et al. v. Republic of Zimbabwe*, No. 09 Civ. 8168 (CM)(RLE). Plaintiffs bring this action against Defendants ZB Bank Limited ("ZB Bank"), Agricultural Development Bank of Zimbabwe, Minerals Marketing Corporation of Zimbabwe, Zimbabwe Mining Development Corporation, Zimre Holdings Limited (together, the "Non-ZB Bank Defendants"); and Republic of Zimbabwe ("Zimbabwe"), seeking a declaratory judgment that 1) ZB Bank and the Non-ZB Bank Defendants are the alter egos of Zimbabwe, and 2) the assets of ZB Bank and the Non-ZB Bank Defendants located in the United States should be treated as "the property of Zimbabwe used for commercial purposes against which the [j]udgment may be enforced as and when permitted by law." (Compl. at 11-12.)   This action was referred to the undersigned on September 25, 2013, for a specific discovery dispute, (Docket No. 44), and on October 8, 2013, for the current motion to preclude. (Docket No. 53.)  In this latter motion, Plaintiffs seek to preclude Defendants from denying that they are the alter egos of Zimbabwe, or, in the alternative, to compel Defendants to produce all outstanding discovery within fourteen days or be precluded from denying they are alter egos.  For the following reasons, Plaintiffs' motion to preclude and subsequent renewed

motions are **DENIED**. Plaintiffs' motion to compel is **GRANTED** with respect to the Non-ZB

Bank Defendants' minutes and Resolutions of their Board of Directors and **DENIED** with

respect to all other relief sought.

## I. BACKGROUND

**A.      Prior to the Filing of the Motion to Preclude**

Plaintiffs filed their Complaint on March 21, 2013.  On June 3, ZB Bank filed a pre-

answer motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1),

12(b)(2), and 12(b)(6), for lack of subject matter and personal jurisdiction and for failure to state

a claim upon which relief can be granted.  (Docket No. 23.)  At a pretrial conference on June 20,

District Judge Colleen McMahon ordered the Parties to complete discovery within 120 days.

(Minute Entry, 6/20/13.)  On June 21, Judge McMahon denied ZB Bank's pre-answer motion to

dismiss without prejudice to renew at the close of discovery, and ordered Defendants to answer

the Complaint by July 5, and complete discovery "on the merits of all issues raised by the

Complaint" within 120 days.  (Docket No. 29.)

On June 26, Plaintiffs served Defendants with their First Request for Production of

Documents ("Document Requests").  (Declaration of Charles R. Jacob, III, In Support of Motion

to Preclude Or, in the Alternative, to Extend Discovery Cutoff and Compel Defendants to

Respond (Jacob Decl.), at 5.)  On July 5, the Non-ZB Bank Defendants filed their Answer.  On

July 8, ZB Bank filed its Answer. On July 25, the Non-ZB Bank Defendants filed a motion to

dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon

which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6).

On July 26, Plaintiffs received ZB Bank's objections and responses to the Document

Requests.  (*Id.* at 6)  On July 31, Plaintiffs received Non-ZB Bank Defendants' objections and

2

responses to the Document Requests. (*Id.*) In August, the Parties discussed a confidentiality

order. (*Id.*) On August 28, Plaintiffs sent Defendants a draft of a confidentiality order and

letters outlining their positions on open discovery issues. (*Id.*) ZB Bank did not respond to

Plaintiffs' proposed order or Plaintiffs' attempts to communicate with it until September 12,

when counsel for ZB Bank informed Plaintiffs that he would have more information after he

spoke to his co-counsel in Zimbabwe the following day. (*Id.* at 6-7.) On September 17,

Plaintiffs requested a conference with the Court to discuss Defendants' allegedly inadequate

responses to their Document Requests, and requested an extension of the discovery deadline

from October 21 to December 20.[1] (Docket No. 42.) In an October 3 letter, ZB Bank disputed

Plaintiffs' allegations. (Docket No. 46.) On October 4, the Non-ZB Bank Defendants wrote to

the Court stating that "it is the [Non-ZB Bank] Defendants' contention that Plaintiffs are not

entitled to discovery, until they establish subject matter jurisdiction in accordance with the

Foreign Sovereign Immunities Act." (Docket No. 52.) Plaintiffs filed the current motion on

October 7, 2013.

**B.     After the Filing of the Motion to Preclude**

On October 16, the Parties appeared before the Court for a telephone conference. At the

conference, Plaintiffs informed the Court that ZB Bank had produced 400 pages of documents

earlier that day. The Non-ZB Bank Defendants informed the Court that, despite their earlier

letter indicating otherwise, they intended to comply with discovery. The Court orally extended

the discovery deadline from October 21 to December 20, and ordered the Parties to proceed with

---

[1]On September 17, 2013, this action had not yet been referred to the undersigned for discovery matters. After the referral on September 25, 2013, (Docket No. 44), Plaintiffs re-submitted their September 17, 2013 letter. (Docket No. 45.)

discovery, including by serving any objections to discovery.  On October 17, the Court issued a written order confirming all oral orders issued during the telephone conference and the discovery extension to December 20, and ordering Plaintiffs to submit their objections to any inadequacies in ZB Bank's October 16 document production within one week and any objections to any future document productions within seventy-two hours of receipt.  (Docket No. 55.)  On October 18, Judge McMahon signed the Parties' confidentiality order.  (Docket No. 56.)

On October 23, Plaintiffs wrote to the Court regarding alleged inadequacies in ZB Bank's October 16 document production, specifically with respect to Document Production Requests Numbers 6, 7, 8, 9, 10, 11, 14, and 16.  (Docket No. 57.)  Plaintiffs wrote to the Court the same day to notify the Court of the Non-ZB Bank Defendants' failure to respond to attempts to contact them regarding outstanding discovery issues and failure to produce any discovery.  (Docket No. 58.)  Plaintiffs also renewed their motion to preclude. On November 6, Plaintiffs requested a conference with the Court to address the issues raised in the October 23 letters.  (Docket No. 66.)  ZB Bank opposed Plaintiffs' request for a conference.  (Docket No. 67.)

On November 15, Judge McMahon denied the Non-ZB Bank Defendants' motion to dismiss without prejudice.  (Docket No. 68.)  On November 18, Plaintiffs renewed their motion to preclude based on their October 23 letters and Judge McMahon's decision.  (Docket No. 69)

On December 3, the Parties appeared before the Court for a telephone conference. (Minute Entry, 12/3/13.)  Plaintiffs informed the Court that the Non-ZB Bank Defendants had produced documents for the first time earlier that morning.  The Non-ZB Bank Defendants did not dispute this fact and were unable to provide an explanation for the delay in their production. Also at the conference, ZB Bank informed the Court that it would provide an affidavit attesting that it had no documents responsive to Document Requests Number 6, 7, 8, 14, and 16, and

4

renewed its objections to Document Requests Number 9, 10, and 11.

On December 5, the Non-ZB Bank Defendants wrote a letter to the Court seeking an order clarifying whether the Court was aware that they had made objections to the Document Requests. (Docket No. 72.) That same day, Plaintiffs submitted a letter objecting to the Non-ZB Bank Defendants' letter and to their December 5, 2013 document production as insufficient, and renewing their motion to preclude. (Docket No. 73.)

On December 10, the Court denied the Non-ZB Bank Defendant's request for an order of clarification. (Docket No. 74.) The Court found that the Non-ZB Bank Defendants had been on notice since October 16, that "discovery issues are time sensitive," and "[a]ny objections could and should have been raised as soon after October 16, 2013 as possible," and "are hereby stricken." (*Id.* at 3.) The Court ordered the Non-ZB Bank Defendants to comply with all outstanding discovery requests by December 12, 2013. (*Id.*)

On December 16, Plaintiffs informed the Court that the Non-ZB Bank Defendants had made no further production since December 5, 2013, and renewed their motion to preclude. (Docket No. 75.) On December 17, counsel for ZB Bank, Morrison Cohen, LLP, moved to withdraw as counsel. (Docket No. 76.) On December 19, Judge McMahon granted Morrison Cohen's motion to withdraw and ordered ZB Bank to enter the appearance of successor counsel by February 7, 2014, or be deemed in default. (Docket No. 78.)

On December 20, Plaintiffs wrote a letter to Judge McMahon requesting an order that the withdrawal of counsel had no effect on the timing of discovery or a decision on the pending motion to preclude. (Docket No. 79.) On January 8, 2014, Judge McMahon ordered that the motion to withdraw not stay discovery and ordered that "Judge Ellis has a free hand with respect to the motion to preclude, but should not reward ZB Bank for dilatory behavior." (Docket Nos.

82-83.) Judge McMahon's Supplemental Order, Docket Number 83, also ordered ZB Bank to appear by counsel by January 24, 2014, or be deemed in default.

Plaintiffs renewed their motion to preclude again on December 23, 2013. (Docket Nos. 80, 81.) In their letter concerning the Non-ZB Bank Defendants, Plaintiffs indicated that the Non-ZB Bank Defendants had made further productions of discovery on December 19 and 20, which Plaintiffs objected to as contravening this Court's December 10, 2013 Order and as inadequate. (Docket No. 81.) In their letter concerning ZB Bank, Plaintiffs asserted that the withdrawal of Morrison Cohen as counsel indicated ZB Bank's intent to "shoot the messenger" rather than comply with the Court's orders. (Docket No. 80)

On January 27, 2014, Plaintiffs renewed their motion to preclude, noting that ZB Bank had not met the January 24 deadline for entering an appearance of successor counsel. (Docket No. 84.) On January 28, Morrison Cohen responded to Plaintiffs' letter, indicating that it was in the process of entering an appearance as counsel for ZB Bank, and asserting that it was under no obligation to provide any further documentation. (Docket No. 85.)

On January 28, Plaintiffs filed a Request for Entry of Default against ZB Bank with the Clerk of the Court. (Docket No. 86.) A certificate of default was entered the same day. (Docket No. 88.) On January 29, Plaintiffs wrote a letter to the Court objecting to ZB Bank's January 28 response to their letter, and again renewing the motion to preclude. (Docket No. 90.)

On February 4, Mark Samuel Jarashow and Edward Paul Gilbert of Morrison Cohen, LLP entered notices of appearance on behalf of ZB Bank. (Docket Nos. 91-92.) That same day, ZB Bank wrote a letter to the Court stating that it had provided an affidavit to Plaintiffs concerning the steps it took to gather documents responsive to Plaintiffs' Document Production Requests and the fact that it had no responsive documents to certain requests. (Docket No. 93.)

ZB Bank also indicated that it would make an additional production of documents by February 14, 2014, related to Plaintiffs' requests for documents concerning the sanctions imposed on ZB Bank by the United States Department of Treasury and documents concerning Defendants Minerals Marketing Corporation of Zimbabwe and Zimre Holdings Limited. (*Id.*) ZB Bank also reiterated its objections to Document Requests Numbers 9, 10, and 11, and its arguments against Plaintiffs' motion to preclude. Also on February 4, ZB Bank moved to set aside the certificate of default, (Docket No. 94), and Plaintiffs moved for default judgment. (Docket No. 97.)

On February 12, Plaintiffs responded to ZB Bank's February 4 letter, (Docket No. 103), asserting that ZB Bank's affidavit was untimely and challenging its truthfulness. (*Id.* at 2) Plaintiffs further asserted that any additional production by ZB Bank would be untimely and asked the Court to strike ZB Bank's latest filings and grant the motion to preclude. (*Id.*) On February 19, ZB Bank responded to Plaintiffs, disputing Plaintiffs' characterizations of its affidavit, and defending its February 14 production of documents.

On February 21, Judge McMahon denied Plaintiffs' motion for default judgment and granted ZB Bank's motion to set aside the certificate of default. (Docket No. 110.) On February 28, Plaintiffs wrote a letter to the Court, in which they objected to ZB Bank's February 14 production as untimely and insufficient, and asserted that they accepted the production without prejudice to the motion to preclude.

On March 24, ZB Bank moved for summary judgment. Plaintiffs asked Judge McMahon to hold the motion for summary judgment in abeyance until the instant motion has been decided, (Docket No. 114.) and ZB Bank objected. (Docket No. 115.) On April 4, Judge McMahon set a briefing schedule ordering Plaintiffs to respond to ZB Bank's motion for summary judgment twenty-one days after the undersigned renders a decision on the instant motion to preclude.

(Docket No. 118.)

On August 5, 2014, the Parties appeared before the Court for a telephone conference. The Court ordered the Parties to submit the declarations provided to Plaintiffs by the Non-ZB Bank Defendants as part of their December 19 and 20 discovery productions, and the declaration provided by ZB Bank on February 4, 2014.  Plaintiffs provided these declarations on August 6. (Docket No. 120.)  Plaintiffs restated their objections to the declarations, and further objected to ZB Bank's February 4, 2014 certification as vague and based on hearsay.  (*Id.*)  On August 6, ZB Bank disputed Plaintiffs' objections.  On August 7, Plaintiffs and ZB Bank exchanged letters restating their objections.  (Docket Nos. 122, 123.)

## II. DISCUSSION

### A.    Motion for Sanctions

Plaintiffs seek sanctions against Defendants pursuant to Rule 37(b)(2) and Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure.  Rule 37(b)(2)(A) allows a court to sanction a party for "fail[ing] to obey an order to provide or permit discovery" by "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action."  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37(d)(1)(A) permits a court to sanction a party, who, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A).  While a court has "wide discretion in imposing sanctions, including severe sanctions under Rule 37(b)(2)," *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991), "[s]trong sanctions should be imposed only for serious violations of discovery orders . . . when failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Id.* at 1367.  In determining whether to impose sanctions under Rule 37, courts should

8

consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of non-compliance." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002), *aff'd*, 93 F. App'x 328 (2d Cir. 2004).

Plaintiffs have asked the Court to sanction Defendants by precluding them from denying they are the alter egos of Zimbabwe. In this case, the type of preclusion Plaintiffs seek is particularly harsh because it would have the effect of granting judgment to the Plaintiffs on their first claim for relief, which is a declaratory judgment that Defendants are the alter egos of Zimbabwe. Before using the "extreme" sanction of preclusion, courts "should inquire more fully into the actual difficulties which the violation causes and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988). *See Hawley v. Mphasis Corp.*, No. 12-CV-592 (DAB) (JLC), 2014 WL 3610946 (S.D.N.Y. July 22, 2014) (quoting *Outley*, 837 F.2d at 591) ("[C]ourts are obligated to consider 'less drastic responses' before precluding documentary evidence or testimony."). The Second Circuit has expressed a preference for "resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits."). Therefore, when preclusion has the effect of granting default judgment to a party, courts should consider less drastic alternatives. *See Dragon Yu Bag Mfg. Co. Ltd. v. Brand Sci. LLC*, 282 F.R.D. 343, 345 (S.D.N.Y. 2012) (rejecting the sanction of preclusion of testimony when the testimony was so central to the defendant's defenses and counterclaims that preclusion "would effectively amount to default judgment"). *See generally*

9

*Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d Cir. 1987) ("Dismissal under Rule 37 is an extreme sanction, to be imposed only in extreme circumstances"); *Worldcom Network Servs., Inc. v. Metro Access, Inc.*, 205 F.R.D. 136, 142 (S.D.N.Y. 2002) (sanctions as "drastic" as entering a default judgment are "not ordinarily imposed").

Plaintiffs have not shown that Defendants willfully, in bad faith, or in any otherwise culpable manner failed to respond to court-ordered discovery, or failed to serve answers, objections, or written responses to Plaintiffs either prior to or after the filing of the current motion so as to justify the severe sanction of preclusion.

### 1.   Plaintiffs' October 4, 2013 motion for sanctions.

At the time the motion for sanctions was filed on October 4, 2013, the only court order to provide or permit discovery was Judge McMahon's June 20, 2013 Order that the Parties complete discovery within 120 days. The motion was filed before the 120-day period had expired. Plaintiff therefore cannot show that Defendants willfully or in bad faith disobeyed the order, or even that they disobeyed the order. Furthermore, Defendants had complied with the June 20, 2013 Order by providing initial responses to Plaintiffs' document requests on July 26, 2013 (ZB Bank), and July 31, 2013 (the Non-ZB Bank Defendants). Therefore, Plaintiffs have not shown a basis for sanctions under Rule 37(d)(1)(A).

Plaintiffs argue that the Non-ZB Bank Defendants should be sanctioned because the Non-ZB Bank Defendants indicated in their October 3, 2013 letter to the Court that they "would not engage in discovery." (Pl. Mem. Of Law in Support of Mot. To Preclude or, in the Alternative, to Extend the Discovery Cutoff and Compel Defs. to Respond (Pl. Mem.) at 9.) This letter of proposed intent, however, cannot support the motion for sanctions, because the Non-ZB Bank Defendants, in fact, did engage in discovery.

10

Plaintiffs maintain that Defendants should be sanctioned because, subsequent to their initial responses, they were not responsive to Plaintiffs' August 28, 2013 correspondence and attempts to contact them, and did not respond to Plaintiffs' September 17, 2013 letter requesting a conference for over two weeks. However, ZB Bank did respond to Plaintiffs' August 28, 2013 correspondence on September 12, 2013. Although ZB Bank's delay in responding to opposing counsel was a clear failing, Plaintiffs have not shown that this conduct violated Rule 37.

Plaintiffs also argue that Defendants should be sanctioned because, in their responses to Plaintiffs' Document Requests, they "undertook to produce certain . . . documents" before the Parties agreed on a confidentiality order, and then failed to produce any documents. Plaintiffs base this claim on Defendants' objections and responses to Document Requests No. 2-5, which state that "[s]ubject to the General Objections, Defendant will produce non-privileged documents responsive to this request to the extent they are or will become available." (Jacob Decl. Ex. 6 at 4-5.) (Jacob Decl, Ex. 7 at 5-6.) Defendants' objections and responses are not equivalent to an undertaking to produce certain documents. Rather, they indicates that certain documents *may* be produced.

Therefore, Plaintiffs have not shown that Defendants' conduct prior to October 4, 2013, was so culpable as to warrant sanctions under Rule 37. Plaintiffs' October 4, 2013 motion for sanctions should be denied.

### 2.      Plaintiffs' October 23, 2013 renewed motion for sanctions.

Plaintiffs have renewed their motion for sanctions a number of times since it was filed. They have not shown, however, that Defendants' actions since the motion was filed were so culpable as to warrant the severe sanction of preclusion.

First, one week after ZB Bank's first production of documents on October 23, 2013,

11

Plaintiffs renewed the motion to preclude against ZB Bank, arguing that ZB Bank's production was inadequate.  In their October 23 letter renewing their motion, Plaintiffs assert that there is "substantial evidence suggesting that a number of ZB Bank's responses are patently false." (Docket No. 57.)  The evidence Plaintiffs put forward, however, fails to demonstrate that sanctions are warranted.

For Document Requests No. 6 and 14, Plaintiffs' evidence consists only of references to allegations in their Complaint, which are disputed by ZB Bank in its Answer, (Docket No. 31 ¶ 20) and are thus insufficient to support a conclusion that sanctions are warranted.

For Document Request No. 7, which seeks documents relating to communications between ZB Bank and the Republic of Zimbabwe or its representatives, and Document Request No. 12, which seeks documents related to transactions in which ZB Bank and Zimbabwe participated, Plaintiffs point to documents produced by Non-Party Standard Chartered Bank that allegedly show transfers between ZB Bank and the Reserve Bank of Zimbabawe to disprove ZB Bank's assertion that it has no documents responsive to these requests (*Id.*)  Plaintiffs assert that the Standard Chartered Bank production also shows that Defendant Minerals Marketing Corporation of Zimbabwe transferred millions of dollars through ZB Bank's New York account. Plaintiffs argue that this disproves ZB Bank's assertion that it has no documents responsive to Document Request No. 16, which requested "all documents concerning the Minerals Marketing Corporation of Zimbabwe." Plaintiffs assert that "it is clear" from the Standard Chartered Bank production that ZB Bank should have documents responsive to Document Request No. 18, which seeks documents concerning Defendant Zimre Holdings Limited.

Plaintiffs additionally dispute ZB Bank's response to Document Request No. 8, which

requested documents concerning the sanctions entered against Zimbabwe by the United States.[2]
ZB Bank's response was to object to the request and state that it had no responsive documents
"[a]t the present time." (Jacob Decl., Ex. 5 at 6.) Plaintiffs assert that ZB Bank must have
responsive documents, because ZB Bank has been designated as a "Specially Designated
National" by the Office of Foreign Assets Control ("OFAC"), and thus is subject to the sanctions
entered against Zimbabwe. Plaintiffs claim that "a mere internet search yields accounts of ZB
executives, as well as Zimbabwe, lobbying US government officials for ZB Bank's removal
from the OFAC list."

Plaintiffs did not provide copies of the Standard Chartered Bank documents or copies of
their Internet search results. However, even assuming the Standard Chartered Bank documents
and the Internet search results show that ZB Bank has responsive documents to these document
requests, Plaintiffs have not shown that sanctions are warranted. Plaintiffs have not shown that
Defendants' conduct violated any discovery order. On October 23, 2013, the only discovery
order Defendants were subject to was Judge McMahon's June 21, 2013 Order to proceed with
discovery. Furthermore, even if the Court were to find that Plaintiffs did violate a court order,
Plaintiffs have not put forward any evidence to show that Defendants acted willfully or in bad
faith in allegedly withholding responsive documents, nor have Plaintiffs shown that Defendants'
level of culpability warrants the extreme sanction of preclusion. *See Lodge v. United Homes,
LLC*, 787 F. Supp. 2d 247, 262-63 (E.D.N.Y. 2011) ("[E]xtreme sanctions should only be
imposed when lesser sanctions would be ineffective.").

Plaintiffs also dispute ZB Bank's refusal on the basis of relevance to provide any

---

[2]Plaintiffs request all documents concerning the Zimbabwe Sanctions Regulations, 31 C.F.R. Part 541, and
Executive Orders 13288, 13391 and 13469. (Docket No. 50, Ex. 4.)

documents responsive to Document Requests Nos. 9, 10, and 11, which relate to the "nature, extent, and use of ZB Bank's assets and activities in the United States." This fact does not support a conclusion that sanctions are warranted against ZB Bank. There is no dispute that ZB Bank timely objected to these requests on July 26, 2013, and therefore ZB Bank cannot be sanctioned for its failure to respond, because the Court had not ruled on the Parties' dispute.

Plaintiffs renewed the motion to preclude against the Non-ZB Bank Defendants on October 23, 2013, arguing that the motion should be granted because the Non-ZB Bank Defendants had not responded to their attempts to meet and confer since the October 16, 2013 telephone conference, and had produced no discovery since then. (Docket No. 58.) A one week delay in communication does not merit the severe sanction of preclusion.

### 3.   Plaintiffs' November 18, 2013 renewed motion for sanctions.

Plaintiffs renewed the motion to preclude against Defendants again on November 18, 2013, on the basis of their October 23, 2013 letters and Judge McMahon's November 15, 2013 decision denying the Non-ZB Bank Defendants' motion to dismiss (Docket No. 68). In the November 15, 2013 decision, Judge McMahon characterizes her June 20, 2013 discovery order as ordering that discovery proceed "on the merits of all issues raised by the Complaint" and specifically includes "the Commercial Defendants' assets in the United States" as among the issues raised by the Complaint. (Docket No. 68 at 2-3.) Plaintiffs point to these statements as proof that ZB Bank's refusal to provide documents responsive to Document Requests Nos. 9, 10, and 11 has no merit. However, as discussed previously, ZB Bank timely objected to these document requests, and Plaintiffs put forward no evidence that ZB Bank's objections were in bad faith.

14

### 4.     Plaintiffs' December 5, 2013 renewed motion for sanctions

On December 3, 2013, the Non-ZB Bank Defendants made their first document production.  Plaintiffs renewed the motion to preclude two days later, arguing that the Non-ZB Bank's production was late and inadequate.  (Docket No. 73.)  Plaintiffs asserted that the Non-ZB Bank's production consisted of "approximately 140 pages of documents. . . comprising about 33 documents, 15 of which are simply images of individuals' passports or other identifications, and the rest of which represent the production of only a few documents by each defendant." (*Id.*)  Plaintiffs did not include a copy of the Non-ZB Bank's document production in their letter.

The production by the Non-ZB Bank Defendants on December 3, 2013 was not timely. Plaintiffs, however, have not demonstrated that the Non-ZB Bank Defendants should be sanctioned on the basis of this delay, or that the severe sanction of preclusion is warranted.  As an initial matter, Plaintiffs point to no deficiency in the production, except to opine on its size to justify a finding of inadequacy.  Plaintiffs assert that the Non-ZB Bank Defendants' document production must be inadequate because it was only 140 pages, and because half of the documents produced (and an unknown number of pages total) were identification photographs.  However, a production of 140 pages may be adequate, and a significantly larger production may be inadequate.  Discovery is evaluated by quality, not quantity.  Plaintiffs have not specifically identified any other inadequacy.  In the absence of a discrete discovery failure, there is no basis for sanctions.

Plaintiffs also objected to the Non-ZB Bank Defendant's December 5, 2013 letter requesting an order clarifying the Court's awareness of the Non-ZB Bank Defendants' objections to certain of the Plaintiffs' Document Requests.  The Non-ZB Bank Defendants had initially objected to Plaintiffs' Document Requests on July 31, 2013.  They then  refused to provide

15

discovery on October 3, 2013, and then reversed course, informing the Court on October 16, 2013, of their intent to provide discovery. At the October 16, 2013 telephone conference, the Court ordered the Non-ZB Bank Defendants to provide discovery or make their objections known. Plaintiffs asserted that the Non-ZB Bank Defendants' December 5, 2013 letter was "too little and far too late," and demonstrated the Non-ZB Bank Defendants' intent not to cooperate with discovery. The Court agrees that the Non-ZB Bank Defendants' response was untimely. The sanction imposed by the Court was the forfeiture of the ability to interpose objections. Accordingly, the Court ordered the Non-ZB Bank Defendants' objections stricken in its December 10, 2013 Order, and ordered them to respond to all outstanding discovery requests by December 12, 2013.

The Non-ZB Bank Defendants' attempts to interpose objections do not meet the threshold of culpable conduct deserving of the extreme sanction of preclusion. "Rule 37's drastic sanctions, such as striking answers, dismissing actions, and entering default judgments are generally appropriate only when there is some element of culpability present in the actions of a party failing to comply with a discovery order . . . . Most often, this culpability is demonstrated by a party's persistent refusal to comply with a discovery order." *Monaghan v. SZS 33 Associates, L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y. 1993). Plaintiffs have not shown that the Non-ZB Bank Defendants persistently violated any discovery order on December 5, 2013, and therefore have not shown that the sanction of preclusion is warranted.

### 5.    Plaintiffs' December 16, 2013 renewed motion for sanctions.

On December 16, 2013, Plaintiffs renewed their motion to preclude based on the Non-ZB Bank Defendants' failure to provide any additional discovery by December 12, 2013. Plaintiffs argue that the Court ordered the Non-ZB Bank Defendants to provide all outstanding discovery

16

by December 12, 2013, and that by not providing any documents by that date, the Non-ZB Bank
Defendants violated the Court's order.  As discussed above, however, Plaintiffs have not
demonstrated that the Non-ZB Bank Defendants' earlier production was inadequate.  Therefore,
Plaintiffs have not shown that Defendants' failure to produce additional discovery by December
12, 2013, is a violation of the Court's Order.

Even assuming Defendants did violate the Court's Order by failing to produce additional
discovery, Plaintiffs have not shown that Defendants' conduct has risen to the level of
culpability necessary to justify the extreme sanction of preclusion.  *See Monaghan v. SZS 33*
*Associates, L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y. 1993).  *See also Miltope Corp. V. Hartford Cas.*
*Ins. Co.*, 163 F.R.D. 191, 194-95 (S.D.N.Y. 1995) (finding that the sanction of dismissal was not
warranted despite plaintiff's counsel's admission of failure to comply with the court's discovery
order).

### 6.    Plaintiffs' December 23, 2013 renewed motion for sanctions.

On December 23, 2013, Plaintiffs again renewed the motion to preclude.  At this point,
ZB Bank was unrepresented, as its counsel had withdrawn on December 17, 2013.  With respect
to ZB Bank, Plaintiffs relied on their earlier arguments and the fact that ZB Bank had not yet
produced an affidavit stating that it has no responsive documents to Document Requests Nos. 6,
7, 8, 12, 14, and 16, as the Court had indicated during the December 3, 2013 telephone
conference. (Docket No. 80.)  Plaintiffs also asserted that the withdrawal of Morrison Cohen as
counsel indicated ZB Bank's bad faith.  (*Id.*)  Even if the Court were to draw a negative
inference from ZB Bank's failure to produce an affidavit by December 23, 2013, and its
withdrawal of counsel, these additional facts do not help Plaintiffs satisfy their burden of
showing that the extreme sanction of preclusion is warranted against ZB Bank.

Plaintiffs asserted that the Non-ZB Bank Defendants should be sanctioned because although they made a further production of documents on December 19, 2013, and December 20, 2013, the production was untimely because it was past the December 12, 2013 deadline set by the Court, and insufficient. (Docket No. 81.) Plaintiffs maintained that the production was insufficient because it consisted of six pages and several declarations objecting to Plaintiffs' requests. (*Id.*) Plaintiffs also pointed out that the Court had ordered the Non-ZB Bank Defendants' objections stricken by Order dated December 10, 2013. (*Id.*) Finally, Plaintiffs argued that the declarations were inadequate because they failed to describe any efforts the Non-ZB Bank Defendants had made to search for responsive documents, and because other evidence showed that such documents exist. (*Id.*) Although Plaintiffs are correct that the Non-ZB Bank Defendants' December 19 and 20 productions were late, Plaintiffs have not demonstrated that the December 3, 2013 production was inadequate (the issue of improper objections will be addressed below). Plaintiffs are incorrect that the Court ordered the Non-ZB Bank Defendants to include in any certification a description of any efforts they made to search for responsive documents.[3]

Moreover, even if the Non-ZB Bank Defendants had violated a Court order on this issue, Plaintiffs have not demonstrated the kind of "persistent refusal" that would warrant the extreme sanction of preclusion. *See Monaghan v. SZS 33 Associates, L.P.*, 148 F.R.D. 500, 509

---

[3] At the October 16, 2013 Telephone Conference, in response to Plaintiffs' objection to the completeness of ZB Bank's production, the Court informed the Parties that if a dispute over the existence of documents arose, the Court would order the producing party to provide a verified statement, from a person competent to make that type of determination, that no other responsive documents exist. The Court further informed the Parties that, in certain instances, it might be necessary to explore 1) whether the producing party had a clear understanding of what documents were being requested; and 2) the procedures utilized by the producing party for searching for responsive documents.

(S.D.N.Y. 1993). Plaintiffs have also not shown that the Court warned the Non-ZB Bank Defendants of the possibility of preclusion as a sanction for non-compliance, a factor that courts in this district have considered when deciding motions for sanctions. *See, e.g.*, *Dragon Yu Bag Mfg. Co. Ltd. v. Brand Sci., LLC*, 282 F.R.D. 343, 345 (S.D.N.Y. 2012) (discussing lack of prior warning as a factor that "weigh[s] against the most severe of sanctions); *Nieves v. City of New York*, 208 F.R.D. 531, 535-36 (S.D.N.Y. 2002) (discussing prior warning as weighing in favor of sanctions); *New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, Nos. 99-CV-2436 (DLC), 99-CV-3581 (DLC), 2000 WL 97358, at *5 (S.D.N.Y. Jan. 27, 2000).

### 7.    **Plaintiffs' January 27, 2014 renewed motion for sanctions**.

On January 27, 2014, Plaintiffs renewed the motion to preclude again, arguing that it should be granted because ZB Bank failed to appear by new counsel by the date set in Judge McMahon's January 8, 2014 Supplemental Order. (Docket No. 84.) Plaintiffs asserted no other new grounds in this submission. Judge McMahon later determined that the Supplemental Order had inadvertently set a conflicting date. (Docket No. 110.) However, even if ZB Bank had been found to have violated the Order, that fact alone does not change the outcome of the motion to preclude.

### 8.    **Plaintiffs' January 29, 2014 renewed motion for sanctions.**

On January 29, 2014, Plaintiffs renewed their motion based on the Clerk of the Court's entry of a Certificate of Default against ZB Bank on January 28, 2014. (Docket No. 90.) A certificate of default is not a judgment against ZB Bank. Even when coupled with Plaintiffs' earlier arguments, it does not suffice to justify preclusion. Furthermore, Judge McMahon later denied Plaintiffs' motion for default judgment and vacated the Certificate of Default. (Docket No. 110.)

9.      **Plaintiffs' February 12, 2014 renewed motion for sanctions.**

On February 12, 2014, Plaintiffs again renewed their motion to preclude. This time, Plaintiffs objected to the affidavit produced by ZB Bank on February 4, 2014, detailing their unsuccessful attempts to uncover responsive documents to certain Document Requests as untimely and insufficient. (Pl. Letter, Feb. 12, 2014.) Plaintiffs argued that the affidavit was untimely because it was submitted to them after the December 20, 2013 discovery deadline set in the Court's October 17, 2013 Order. (*Id.*) However, counsel for ZB Bank withdrew on December 17, 2013. As soon as ZB Bank appeared again by counsel on February 4, 2014, ZB Bank provided an affidavit to Plaintiffs. Therefore, although the affidavit was untimely, the fact that ZB Bank provided it as soon as it was represented by counsel demonstrates that the delay was not because of willfulness or bad faith.

Plaintiffs assert that the affidavit is "deeply suspect as to truthfulness." (*Id.* at 2.) Plaintiffs maintain that ZB Bank's affidavit is contradicted by two documents provided by ZB Bank and attached to Plaintiff's letter: (1) "ZBFH Shareholder Information," ZB-000374 and (2) "Minutes of ZB Bank Limited's Directors' Meeting," dated November 19, 2010, ZB-000183. Plaintiffs argue that ZB Bank's claim in its affidavit that "the Republic of Zimbabwe is neither a shareholder nor presently an account holder with ZB Bank," is contradicted by ZBFH Shareholder Information, which allegedly lists ZB Bank's two largest shareholders as the National Social Security Authority, an entity Plaintiffs claim is an instrumentality of Zimbabwe, and the Government of Zimbabwe.

ZB Bank argues in its February 19, 2014 response that ZBFH Shareholder Information is a chart of shareholder information not for ZB Bank, but for ZB Financial Holdings Limited, the parent company of ZB Bank, and a publicly traded company. (Docket No. 107.) ZB Bank

further asserts that ZB Financial Holdings Limited "has no day-to-day control over ZB Bank." Plaintiffs have not responded to ZB Bank's argument. ZBFH Shareholder Information does not have "ZB Bank" written on it anywhere. Plaintiffs provided no other reason to conclude that ZBFH Shareholder Information represents shareholder information for ZB Bank.

Plaintiffs also argue that ZB Bank's affidavit is contradicted by the November 19, 2010 "Minutes of ZB Bank Limited Directors' Meeting" which included the statement that "Government was still a major source of deposits and Government support in deposits was important." This document alone does not demonstrate that ZB Bank's statements in its affidavit are untrue. Therefore, the Court finds that Plaintiffs have not met their burden of demonstrating that sanctions are warranted, particularly the severe sanction of preclusion.[4]

Finally, Plaintiffs objected to ZB Bank's intention, stated in a February 4, 2014 letter to the Court, to produce documents concerning sanctions imposed on ZB Bank as a result of it being designated as a Specially Designated National by the Office of Foreign Assets Control of the United States Treasury, and Co-Defendants Minerals Marketing Corporation of Zimbabwe and Zimre Holdings Limited by February 14, 2014.[5] Plaintiffs argue that this late production violates the Court's October 17, 2013 order that discovery be completed by December 20, 2013. Although Plaintiffs are correct that the production promised for February 14, 2014 would have been after the discovery deadline, Plaintiffs have not shown that the delay is the result of

---

[4]On August 6, 2014, Plaintiffs objected to ZB Bank's affidavit as vague and based on hearsay. (Docket No. 120.) Even if the Court were to consider this objection, it is without merit. At the October 16, 2013 Telephone Conference, the Court stated that its requirements for ZB Bank's affidavit were that it be a verified statement by a person competent to make the determination that there were no responsive documents. ZB Bank's affidavit meets these requirements.

[5]On February 28, 2014, Plaintiffs informed the Court that ZB Bank had made a production on February 14, 2014, which Plaintiffs objected to as late and inadequate. (Docket No. 111.)

willfulness or bad faith on the part of ZB Bank. Furthermore, the fact that ZB Bank was not represented by counsel between December 17, 2013, and February 4, 2014 negates any inference of willfulness or bad faith.

Plaintiffs have not met their burden of showing that sanctions are warranted against Defendants, particularly the extreme sanction of precluding Defendants from denying they are alter egos, and, in effect, granting Plaintiffs a default judgment. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162 (S.D.N.Y. 2012) ("[T]he fact that the stakes are high . . . arguably weighs against preclusion . . . ."); *Dragon Yu Bag Mfg. Co. Ltd. v. Brand Sci. LLC*, 282 F.R.D. 343, 345 (S.D.N.Y. 2012) (rejecting the sanction of preclusion of testimony when the testimony was so central to the defendant's defenses and counterclaims that preclusion "would effectively amount to default judgment"). Plaintiffs' motion to preclude and subsequent renewed motions are **DENIED**.

## B.     Plaintiffs' Motion to Compel

Alternatively, Plaintiffs ask the Court to extend the discovery deadline and compel Defendants to make a complete production within fourteen days or be precluded from denying they are the alter egos of the Republic of Zimbabwe. Federal Rule of Civil Procedure 37(a)(1) permits the Court to compel discovery on motion. Fed. R. Civ. P. 37(a)(1). Plaintiffs argue that Defendants should be compelled to produce discovery because of their delay in production and because their objections "are improper or extraordinarily implausible." (Pl. Mem. at 10.)

At the time the motion was filed, Defendants were not in violation of any Court order and the discovery deadline had not passed. Defendants had also timely filed objections to Plaintiffs' requests. Nevertheless, Plaintiffs have renewed their motion to preclude, including their alternative motion to compel, numerous times since it was filed. (Docket Nos. 57, 58, 68, 73,

75, 80, 81, 84, 90; Pl. Letter to the Ct., Feb. 12, 2014.)  For the reasons that follow, the Court grants Plaintiffs' motion to compel with respect to the Non-ZB Bank Defendants' minutes and Resolutions of their Board of Directors and denies it with respect to all other relief sought.

Since the instant motion was filed, the Non-ZB Bank Defendants have made three document productions, on December 3, 19, and 20, 2013.  Plaintiffs correctly assert that the Non-ZB Bank Defendants' raised objections in their December 19 and 20 productions, in contravention of the Court's December 10 Order striking the Non-ZB Bank Defendants' objections.  Each of the Non-ZB Bank Defendants objected to producing the minutes and Resolutions of their Board of Directors on the basis of confidentiality.  (Docket No. 120.)  These objections are stricken, and therefore the Non-ZB Bank Defendants are ordered to produce the minutes and Resolutions of their Board of Directors.

Although Plaintiffs also correctly assert that the December 19 and 20 productions were untimely, in violation of the Court's December 10, 2013 Order, Plaintiffs have not demonstrated that the December 3, 2013 production is deficient in any other way.  As discussed earlier, Plaintiffs have merely asserted that the production is small and consists of a number of identification photos.  Therefore, with respect to the Non-ZB Bank Defendants, Plaintiffs' alternative motion to extend the discovery deadline and compel the Non-ZB Bank Defendants to produce is **GRANTED** with respect to the Non-ZB Bank Defendants' minutes and Resolutions of their Board of Directors, and **DENIED** with respect to all other relief sought.

Since the instant motion was filed, ZB Bank produced documents on October 16, 2013, and February 14, 2014.  Plaintiffs objected to ZB Bank's October 16, 2013 document production as insufficient in its responses to Document Requests Nos. 6, 7, 8, 9, 10, 11, 12, 14, 16, and 18.  ZB Bank provided an affidavit on February 4, 2014, detailing its attempts to search for

documents responsive to Plaintiffs' discovery requests, and asserting that it had provided, subject to its objections, all documents responsive to Plaintiffs' requests. (Docket No. 93.) ZB Bank also specifically asserted that it had no more documents responsive to Document Requests Nos. 6, 7, 12, 14, 15, and 17. As discussed previously, Plaintiffs have not demonstrated any reason the Court should disbelieve ZB Bank's affidavit. On February 4, 2014, ZB Bank also stated that it intended to provide documents responsive to Document Request No. 8 (requesting documents concerning sanctions), Document Request No. 16 (requesting documents concerning the Minerals Marketing Corporation of Zimbabwe), and Document Request No. 18 (requesting documents concerning Zimre Holdings Limited), and there has been no claim that ZB Bank failed to provide such documents.

The remaining Document Requests in dispute that were not addressed by the affidavit or ZB Bank's February 14, 2014 production, are Document Requests Nos. 9, 10, and 11. ZB Bank has timely stated objections to these Document Requests. Document Request No. 9 seeks "[a]ll documents concerning transactions in which You participated that directly or indirectly involve or involved persons, entities, funds or property located in the United States of America." (Jacob Decl., Ex. 4.) Document Request No. 10 seeks "[a]ll documents concerning assets, transfers or transactions that have been blocked, frozen or otherwise affected by the Sanctions." (*Id.*) Document Request No. 11 seeks "[a]ll documents concerning assets in which you have a direct or indirect interest that are located or were located in the United States of America." (*Id.*)

Plaintiffs argue that Document Requests 9, 10, and 11 are relevant to the issues raised in the Complaint. (Pl. Reply Mem. Of Law in Further Supp. Of Mot. To Preclude (Pl. Reply) at 5.) Plaintiffs argue that the Requests are relevant because their Complaint contained allegations concerning Defendants' assets and activities in the United States. (Pl. Reply at 6.) Plaintiffs rely

24

on Judge McMahon's November 15, 2013 Memorandum Order and Decision denying the Non-ZB Bank Defendants' Motion to Dismiss, in which Judge McMahon acknowledged that Plaintiffs' second claim for relief sought a declaratory judgment that "the Commercial Defendants' assets in the United States are the property of Zimbabwe used for commercial purposes . . . ." (Docket No. 68 at 2.) (Docket No. 69 at 1.)

On the surface, Document Requests 9, 10, and 11 appear to be related to Plaintiffs' second claim for relief because Document Requests 9 and 11 seek information about Defendants' assets in the United States, which would presumably be relevant to a declaratory judgment about those assets. Although Document Request 10 is broader in that it seeks information about any asset affected by sanctions, it encompasses assets in the United States, and therefore appears to be related to the second claim for relief.

However, although Plaintiffs characterize their second claim for relief as a separate claim, it is, in fact, a remedy that follows from Plaintiffs' first claim. If Plaintiffs were to succeed in proving their first claim, that Defendants are the alter egos of Zimbabwe, then it would necessarily follow that Defendants' assets located in the United States "should be treated as the property of Zimbabwe used for commercial purposes against which the [j]udgment may be enforced as and when permitted by law." (Compl. at 11-12.) Conversely, if the Defendants are not the alter egos of Zimbabwe, then Plaintiffs will be unable to show that their property should be treated as the property of Zimbabwe. Therefore, Document Requests 9, 10, and 11 seek information that will only become relevant if Plaintiffs succeed in proving their first claim for relief. The information is not relevant at present, and therefore, Defendants will not be ordered to produce it.

Plaintiffs also argue that the information sought by Document Requests, 9, 10, and 11 is

25

relevant to subject matter jurisdiction.  (Pl. Reply at 6.)  Plaintiffs claim subject matter

jurisdiction over Defendants under 28 U.S.C. § 1605(a)(2), which provides an exception to

sovereign immunity for sovereigns and their instrumentalities under the Foreign Sovereign

Immunities Act ("FSIA"), for claims based "upon a commercial activity carried on in the United

States by the foreign state; or upon an act performed in the United States in connection with a

commercial activity of the foreign state elsewhere; or upon an act outside the territory of the

United States in connection with a commercial activity of the foreign state elsewhere and that act

causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2) (Compl. ¶ 10.)  Judge

McMahon has ordered that discovery, including jurisdictional discovery, proceed in this case.

(Docket No. 68, at 7.)  Plaintiffs are entitled to jurisdictional discovery, and therefore Plaintiffs

are entitled to seek information about commercial activity carried on in the United States by

Zimbabwe.  However, Document Requests 9, 10, and 11 seek information about Defendants'

assets in the United States, not Zimbabwe's.  Document Requests 9, 10, and 11 would only

become relevant to jurisdictional discovery if Plaintiffs can prove that Defendants are the alter

egos of Zimbabwe.  Therefore, this argument, once again, assumes the matter to be proven.

Plaintiffs have not shown that the information sought by Document Requests, 9, 10, and 11 is

relevant under Rule 26(b).  Fed. R. Civ. P. 26(b).

Accordingly, with respect to ZB Bank, Plaintiffs' alternative motion to extend the

discovery deadline and compel ZB Bank to produce is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to preclude and subsequent renewed

motions are **DENIED**.  Plaintiffs' alternative motion to extend the discovery deadline and

compel Defendants to produce and subsequent renewed motions are **GRANTED** with respect to

26

the Non-ZB Bank Defendants' minutes and Resolutions of their Board of Directors and

**DENIED** with respect to all other relief sought.  The Non-ZB Bank Defendants are ordered to

produce the minutes and Resolutions of their Board of Directors by **September 19, 2014.**


**SO ORDERED this 11th day of September 2014**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**