UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARDUS HENRICUS FUNNEKOTTER et al.,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>AGRICULTURAL DEVELOPMENT BANK OF ZIMBABWE, MINERALS MARKETING CORPORATION OF ZIMBABWE, ZB BANK LIMITED, ZIMBABWE MINING DEVELOPMENT CORPORATION, ZIMRE HOLDINGS LIMITED and REPUBLIC OF ZIMBABWE,<br><br>                    Defendants. | 13 Civ. 1917 (CM) |

## PLAINTIFFS' RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 56.1 of the Court, Plaintiffs submit this statement of material facts as to which there is no genuine issue to be tried.

**Background**

1. Plaintiffs are judgment-creditors of the Republic of Zimbabwe ("Zimbabwe") the Republic of Zimbabwe in the amount of $25,120,171.33, plus interest. *See Funnekotter, et al. v. Republic of Zimbabwe*, 09 Civ. 8168 (CM) (RLE), Docket No. 11 (attached to the Declaration of Charles R. Jacob III, dated July 21, 2015 ("Jacob Decl.") as Exhibit 1).

2. Plaintiffs' judgment against Zimbabwe (the "Judgment") resulted from this Court's confirmation of an arbitration award (the "Award") in Plaintiffs' favor form the International Centre for Settlement of Investment Disputes ("ICSID"), which, in turn, resulted from Zimbabwe's unlawful expropriation of Plaintiffs' property in

Zimbabwe in violation of a bilateral investment treaty between the Netherlands and Zimbabwe. *See* ICSID Award, dated April 22, 2009, *Funnekotter, et al. v. Republic of Zimbabwe*, 09 Civ. 8168 (CM) (RLE), Docket No. 1-2 (Jacob Decl., Ex. 2).

3. The Judgment remains unsatisfied because Zimbabwe has refused to pay the Judgment and failed to appear in enforcement proceedings in the United States. *See* Jacob Decl., ¶ 2.

4. On July 6, 2010, Plaintiffs moved to modify the Judgment to add certain of the Defendants in this action as additional judgment debtors. The Court denied that motion, but stated that "[i]f Petitioners wish to renew their motion, they may do so once they have properly served all of the Entities and have identified the property on which they seek to execute." Decision and Order dated Feb. 10, 2011, *Funnekotter, et al. v. Republic of Zimbabwe*, 09 Civ. 8168 (CM) (RLE), Docket No. 25, pp. 4, 6 (Jacob Decl., Ex. 3); Jacob Decl., ¶ 4.

5. Plaintiffs thereafter sought discovery in order to comply with the Court's February 10, 2011, Order, but Zimbabwe refused to cooperate in that discovery. On November 10, 2011, Magistrate Judge Katz ordered that, as a result of its repeated refusal to engage in discovery, Zimbabwe was precluded from denying the alter ego status of certain of the Defendants in this action. Opinion and Order dated Nov. 10, 2011, *Funnekotter, et al. v. Republic of Zimbabwe*, 09 Civ. 8168 (CM) (RLE), Docket No. 38, p. 10 (Jacob Decl., Ex. 4); Jacob Decl., ¶ 5.

6. Based upon discovery obtained from certain non-party witnesses, Plaintiffs learned that a number of banks, including Standard Chartered Bank and Citibank N.A., have blocked assets of Defendants, which have been frozen here in the

Southern District of New York pursuant to sanctions entered against Zimbabwe and its controlled entities. Jacob Decl. ¶ 6.

7. On March 21, 2013, Plaintiffs commenced this action for declaratory and related relief allowing Plaintiffs to enforce the Judgment against the additional defendants, on the ground that those defendants are *alter egos* of Zimbabwe and that property nominally held in their names is therefore property of Zimbabwe. *See* Complaint, dated Mar. 21, 2013, Dkt. No. 1.

8. On June 26, 2013, Plaintiffs served the Non-ZB Bank Defendants with Plaintiffs' First Request for the Production of Documents (the "Document Requests"). *See* Jacob Decl., ¶ 7 and Ex. 5.

9. On August 2, 2013, the Non-ZB Bank Defendants sent Plaintiffs' counsel their objections and responses to the Document Requests. *See* Jacob Decl., ¶ 8 and Ex. 6.

10. On December 3, 2013, the Non-ZB Bank Defendants made their first production, consisting of approximately 141 pages, comprising about 33 documents, 15 of which are simply images of individuals' passports or other identifications, and the rest of which represent only a few meaningless documents by each defendant. *See* Jacob Decl. ¶ 9.

11. On December 19 and 20, counsel for the Non-ZB Bank Defendants produced four additional documents, approximately six pages in total, as well as "declarations" for each of the Non-ZB Bank Defendants. Each of those "declarations" objected to the production of Board of Directors minutes and resolutions (Document Request No. 1), which were not produced. *See* Jacob Decl. ¶ 10. *See also* Declaration of

Charles R. Jacob III, dated Sept. 25, 2014, Exhibits 8-12 (filed under seal) (the Non-ZB Bank Defendants' declarations and the documents produced by the Non-ZB Bank Defendants).

12. Since December 20, 2013, the Non-ZB Bank Defendants have not produced any additional documents. *See* Jacob Decl. ¶ 11.

13. On October 24, 2014, Plaintiffs served on defendants Agricultural Development Bank of Zimbabwe ("Agribank"), Minerals Marketing Corporation of Zimbabwe ("MMCZ"), Zimbabwe Mining Development Corporation ("ZMDC") and Zimre Holdings Limited ("Zimre") (together, the "Non-ZB Bank Defendants") their First Requests for Admission. *See* Jacob Decl., ¶¶ 12-13 and Exs. 7-8.

14. The Non-ZB Bank Defendants did not respond to Plaintiffs' Requests for Admission. *See* Jacob Decl., ¶ 13.

**The Sanctions**

15. The United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") has established sanctions against entities owned or controlled by Zimbabwe. *See* 31 C.F.R. Part 541 and Executive Orders 13288, 13391 and 13469 (together, the "Sanctions").

16. OFAC designed entities owned or controlled by Zimbabwe as Specially Designated Nations ("SDNs") pursuant to the Sanctions. *See* http://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/default.aspx.

17. Defendant Agribank was designated as an SDN, and became subject to the Sanctions, on or about July 25, 2008. *See* Press Release dated July 25, 2008 (Jacob Decl., Ex. 9); Excerpt of SDN List at 27 (Jacob Decl., Ex. 10); Requests for

Admission, dated Oct. 24, 2014 at Request No. 1 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

18. Agribank remains designated as an SDN and subject to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014 at Request Nos. 2-3 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

19. Defendant MMCZ was designated as an SDN, and became subject to the Sanctions, on or about July 25, 2008. *See* Press Release dated July 25, 2008 (Jacob Decl., Ex. 9); Excerpt of SDN List at 529-30 (Jacob Decl., Ex. 10); Requests for Admission, dated Oct. 24, 2014 at Request No. 4 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

20. MMCZ remains designated as an SDN and subject to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014 at Request Nos. 5-6 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

21. Defendant Zimre was designed as an SDN, and became subject to the Sanctions, on or about July 25, 2008. *See* Press Release dated July 25, 2008 (Jacob Decl., Ex. 9); Excerpt of SDN List at 838, 855 (Jacob Decl., Ex. 10); Requests for Admission, dated Oct. 24, 2014 at Request No. 16 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

22. Zimre remains designated as an SDN and subject to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014 at Request Nos. 17-18 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

23. Defendant ZMDC was designed as an SDN, and became subject to the Sanctions, on or about July 25, 2008. *See* Press Release dated July 25, 2008 (Jacob

Decl., Ex. 9); Excerpt of SDN List at 852, 856 (Jacob Decl., Ex. 10); Requests for Admission, dated Oct. 24, 2014 at Request No. 7 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

24. ZMDC remains designated as an SDN and subject to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014 at Request Nos. 8-9 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

25. On or about December 9, 2011, Marange Resources (Pvt) Limited ("Marange"), an entity wholly-owned by ZMDC, was designed as an SDN, and became subject to the Sanctions. *See* Excerpt of SDN List at 201, 513 (Jacob Decl., Ex. 10); Requests for Admission, dated Oct. 24, 2014 at Request Nos. 10-11 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

26. Marange remains subject to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014 at Request No. 12 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

27. On or about December 9, 2011, Mdaba Diamonds (Pvt) Limited ("Mdaba"), an entity 50% owned by Marange), was designated as an SDN, and became subject to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014 at Request No. 14 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

28. Mdaba remains subject to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014 at Request No. 15 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

## Assets of the Non-ZB Bank Defendants

29. All of the Non-ZB Bank Defendants have assets frozen in the United States pursuant to the Sanctions. *See* Requests for Admission, dated Oct. 24, 2014, at Request Nos. 19, 21, 23, 25 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

30. The assets of the Non-ZB Bank Defendants that are frozen were used for a commercial activity in the United States. *See* Requests for Admission, dated Oct. 24, 2014, at Request Nos. 20, 22, 24, 26 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

## The Non-ZB Bank Defendants are Owned and Controlled by Zimbabwe

### A. ZMDC

31. ZMDC is wholly owned by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 31 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

32. ZMDC is dominated and controlled by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 32 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

33. ZMDC was formed in 1982 pursuant to the ZMDC Act, which is still in effect. *See* ZMDC Act (Jacob Decl., Ex. 12); Requests for Admission, dated Oct. 24, 2014, at Request Nos. 35-37 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

34. Under the ZMDC Act, Zimbabwe was the initial 100% shareholder of ZMDC and in no instance could Zimbabwe own less than 51% of ZMDC. *See* ZMDC

Act (Jacob Decl., Ex. 12) at § 27; Requests for Admission, dated Oct. 24, 2014, at Request No. 38 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

35. ZMDC has never had any shareholders other than Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 39 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

36. The Board of ZMDC is appointed by Zimbabwe and, specifically, Zimbabwe's Minister of Mines (now known as the Minister of Mines and Mining Development) (the "Minister of Mines"), or by any other Minister assigned by the President of Zimbabwe. *See* ZMDC Act (Jacob Decl., Ex. 12) at §§ 2, 5 (the Board members "shall be appointed by the Minister after consultation with the President and in accordance with any directions the President may give him"); Requests for Admission, dated Oct. 24, 2014, at Request No. 40 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

37. The Boards of ZMDC's subsidiary companies, including Marange, are appointed by Zimbabwe and, specifically, the Minister of Mines. *See* Requests for Admission, dated Oct. 24, 2014, at Request Nos. 41 (Jacob Decl., Ex. 7); Letter from the Minister of Mines dated September 8, 2009 (Jacob Decl., Ex. 13) ("You are advised that all appointments of Board members to [ZMDC] subsidiary companies are done by the Minister of Mines and Mining Development . . . Any appointments that have been done outside this procedure are null and void."); Letter from the Minister of Mines dated October 12, 2009 (Jacob Decl., Ex. 14) (appointing Board members to ZMDC subsidiaries). *See also* Jacob Decl., ¶ 13 and Ex. 8.

38. The Minister of Mines also appoints the Chairman and Deputy Chairman of ZMDC. *See* ZMDC Act (Jacob Decl., Ex. 12) at § 5(2); Requests for Admission, dated Oct. 24, 2014, at Request No. 42 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

39. The Minister of Mines is Walter Chidhakwa, a relative of Robert Mugabe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 43 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

40. The Minister of Mines may order ZMDC to do anything deemed to be in Zimbabwe's national interest, and, in most instances, the ZMDC Board can only act pursuant to the instructions of the Minister of Mines or in consultation with the Minister of Mines. *See, e.g.*, ZMDC Act (Jacob Decl., Ex. 12) at §§ 13 (Minister of Mines to set compensation of Board), 24(1)(a) (Minister of Mines must approve general manager), 25 (Minister of Mines may give ZMDC directions it deems to be in the national interest, with which ZMDC must comply), 27(4) (Minister of Mines to set terms and conditions for transfer of shares), 34 (ZMDC may only make investments or loans subject to the directions and advice of the Minister of Mines), 36(3) (Board shall comply with Minister of Mines' directions for managing ZMDC's general reserve account), 40(1) (Minister of Mines must approve auditors); Requests for Admission, dated Oct. 24, 2014, at Request Nos. 44-45 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

41. ZMDC has the function of carrying out government policy. *See, e.g.*, ZMDC Act (Jacob Decl., Ex. 12) at §§ 20 ("the functions and duties of the Corporation shall be— (a) to invest in the mining industry in Zimbabwe on behalf of the State; (b) to plan, co-ordinate and implement mining development projects on behalf of

the State . . ."), 23 ("It shall be the duty of the Corporation so to exercise— (a) that every application or proposal dealt with by it is considered strictly in accordance with Government economic policy; (b) that all matters relating to the mining industry are carefully reviewed in the national interest; and (c) that generally the activities of the Corporation referred to in section twenty are directed towards implementing Government mining development policy"), 25 (Minister of Mines may give ZMDC directions it deems to be in the national interest, with which ZMDC must comply); Requests for Admission, dated Oct. 24, 2014, at Request No. 46 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

42. On or about April 11, 2008, the Central African Mining & Exploration Company Plc ("CAMEC") issued a statement stating that CAMEC was acquiring platinum mining rights in Zimbabwe in a transaction that resulted in a $100 million "loan" being provided, indirectly, to Zimbabwe, with repayment to come from "ZMDC's share of dividends" from the project. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 48 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

43. Anjin Investments (Pvt) Ltd. ("Anjin") is a diamond mining joint venture 40% owned by Zimbabwe, 10% by ZMDC and 50% by a Chinese entity. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 49 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

44. ZMDC originally owned 50% of Anjin, but was forced to turn 40% of its interest in Anjin over to the Zimbabwe National Army in 2010. *See* Requests for Admission, dated Oct. 24, 2014, at Request Nos. 50-51 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

45. Brigadier General Charles Tarumbwa, Judge Advocate General at the Zimbabwean Ministry of Defense, signed Anjin corporate resolutions on behalf of Matt Bronze (Pvt) Ltd. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 52 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

46. $98 million in revenues from Anjin were used to finance the construction of a $98 million new National Defense College in Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 53 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

47. Thsinga Dube represented Marange in the Jinan Mining (Pvt) Limited Memorandum and Articles of Association dated August 25, 2011. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 55 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

48. Thsinga Dube became a director of Marange on March 20, 2012, and is the Chairman of Marange. *See* Requests for Admission, dated Oct. 24, 2014, at Request Nos. 56-57 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

49. Thsinga Dube is the CEO of Zimbabwe Defence Industries (Pvt) Limited. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 58 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

50. Thsinga Dube is a member of the ZANU-PF Politburo. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 59 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

51. Although the Minister of Mines acknowledges that ZMDC is a partner of certain joint ventures, Zimbabwe has retained revenues from those ventures.

*See* Requests for Admission, dated Oct. 24, 2014, at Request No. 60 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

52. The Minister of Mines has stated that Zimbabwe plans on taking its share of revenues directly from diamond sales, rather than form dividends payable by diamond mining joint ventures. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 61 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

### B. MMCZ

53. MMCZ is wholly owned by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 29 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

54. MMCZ is dominated and controlled by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 30 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

55. MMCZ was formed in 1982 pursuant to the MMCZ Act, which Act remains in effect. *See* MMCZ Act (Jacob Decl., Ex. 15); Requests for Admission, dated Oct. 24, 2014, at Request Nos. 62-64 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

56. Under the MMCZ Act, Zimbabwe was the initial shareholder of MMCZ and in no instance could Zimbabwe own less than 75% of MMCZ. *See* MMCZ Act (Jacob Decl., Ex. 15) at § 27; Requests for Admission, dated Oct. 24, 2014, at Request No. 65 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

57. MMCZ has never had any shareholders other than Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 66 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

58. The Board of MMCZ is appointed by Zimbabwe and, specifically, Zimbabwe's Minister of Mines, or by any other Minister assigned by the President of Zimbabwe. *See* MMCZ Act (Jacob Decl., Ex. 15) at §§ 2, 5 (Board members shall be "appointed by the Minister after consultation and in accordance with any directions the President may give him"); Requests for Admission, dated Oct. 24, 2014, at Request No. 67 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

59. The Minister of Mines also appoints the Chairman and Deputy Chairman of MMCZ. *See* MMCZ Act (Jacob Decl., Ex. 15) at § 5(2); Requests for Admission, dated Oct. 24, 2014, at Request No. 68 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

60. The Minister of Mines may order MMCZ to do anything deemed to be in Zimbabwe's national interest and, in most instances, the MMCZ Board can only act pursuant to the instructions of the Minister of Mines or in consultation with the Minister of Mines. *See, e.g.*, MMCZ Act (Jacob Decl., Ex. 15) at §§ 13 (Minister of Mines to set compensation of Board), 24 (Minister of Mines nominates general manager); 25 (Minister of Mines may give MMCZ directions it deems to be in the national interest, with which MMCZ must comply), 27(5) (Minister of Mines to set terms and conditions for transfer of shares); Requests for Admission, dated Oct. 24, 2014, at Request No. 69 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

### C. Agribank

61. Agribank is wholly owned by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 27 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

62. Agribank is dominated and controlled by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 28 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

### D. Zimre

63. Zimre is 43.23% owned by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 33 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Exs. 8, 11.

64. Zimre is dominated and controlled by Zimbabwe. *See* Requests for Admission, dated Oct. 24, 2014, at Request No. 34 (Jacob Decl., Ex. 7). *See also* Jacob Decl., ¶ 13 and Ex. 8.

Dated:   July 21, 2015

MILLER & WRUBEL P.C.

By: _____
    Joel M. Miller
    Charles R. Jacob III
    Kerrin T. Klein
    570 Lexington Avenue
    New York, New York 10022
    (212) 336-3500

*Attorneys for Plaintiffs*